D. EDWARD HAYS, #162507
ehays@rusmiliband.com
RUS, MILIBAND & SMITH
A Professional Corporation
Seventh Floor
2600 Michelson Drive
Irvine, CA 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

Attorneys for Plaintiff,
MANHEIM AUTOMOTIVE
FINANCIAL SERVICES, INC.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 1:07-bk-13906-GM |
| ISHAQUE THANAWALLA, | Adversary Case No. |
| Debtor. | Chapter 13 |
| MANHEIM AUTOMOTIVE FINANCIAL SERVICES, INC., a Delaware Corporation, | COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT |
| Plaintiff, | [11 U.S.C. §§ 523(a)(2), (a)(4) and (a)(6)] |
| vs. | |
| ISHAQUE THANAWALL, an individual, | |
| Defendant. | |

Plaintiff, MANHEIM AUTOMOTIVE FINANCIAL SERVICES, INC. ("Manheim") alleges as follows:

Plaintiff is a creditor of the Debtor in this case.

1.   This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

2.   This action is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I). This proceeding arises under, arises in, or is related to the above-entitled bankruptcy presently

pending in the United States Bankruptcy Court for the Southern District of California pursuant to the authority vested in it by 28 U.S.C. § 157(a).

3. Under the provisions of 28 U.S.C. §§ 1408, 1409, venue of this proceeding is proper in the above-entitled Court.

4. At all times relevant hereto, Debtor Ishaque Thanawalla ("Debtor") owned and/or operated an automobile dealership in the County of Los Angeles, State of California commonly known as American Car Connection. Defendant also owned and/or operated a financing company known as AIM Financial.

5. Manheim Automotive Financial Services, Inc. ("MAFS") is a Delaware corporation registered to conduct business in the State of California.

6. In connection with amounts financed by American Car Connection and AIM Financial, the Defendant personally guaranteed payment. Additionally, Defendant was to hold the vehicles pursuant to an express trust on his lot until sold; after Defendant sold a financed vehicle to a retail purchase, Defendant was required to hold the proceeds in an express trust and pay Plaintiff within 48 hours; and although possession of financed vehicles was delivered at the time of sale, the parties specifically agreed in writing that the Certificates of Title would not be delivered until the full payment had been made for the vehicle(s).

7. In 2006, Defendant breached the fiduciary duties owed to Plaintiff pursuant to the agreements entered between the parties in many respects including Defendant sold vehicles out of trust and retained the proceeds without paying Plaintiff; Defendant misrepresented his theft of these vehicles to induce Plaintiff from taking legal action which resulted in Plaintiff incurring additional damage; and Defendant tendered checks to Plaintiff that Defendant knew had insufficient funds on deposit in the accounts from which the checks were drawn in order to induce Plaintiff to turnover original certificates of title to some of the various vehicles.

8. To recover its damages, Plaintiff filed suit in the United States District Court for the Central District of California alleging claims for relief for breach of contract, common counts and conversion based on Defendant's fraudulent and malicious conduct.

313525v1 cm 1/18/08 1 (2443-0021)

9.  On January 9, 2007, the District Court entered judgment (the "Judgment") against Defendant on all claims except the claim and delivery in the amount of $195,672.54 which consists of principal of $169,667.56; prejudgment interest of $10,323.94; attorneys' fees of $10,000; and costs of $5,681.04.

10. As of the October 16, 2007 petition date, the following additional amounts were owed pursuant to the Judgment: post-judgment interest in the amount of $7,430.20; post-judgment attorneys' fees in the amount of $17,500. Additionally, Plaintiff estimates that it will incur post-bankruptcy attorneys' fees of at least $10,000 in protecting its rights under the Judgment in connection with this case and the pending bankruptcy cases filed by American Car Connection and AIM Financial. In aid of enforcement of the Judgment, the District Court appointed Byron Z. Moldo as receiver over American Car Connection and AIM Financial. Plaintiff estimates that the receiver previously estimated fees of $20,000 have been revised to $35,000. Plaintiff has or expects to recover some portion of the Judgment from actions taken by the receiver which amounts are not yet known. Credit against the amounts owed pursuant to the Judgment will be given to Defendant upon ascertaining the net proceeds, if any, to be distributed by the receiver or from the bankruptcy estates of American Car and/or AIM Financial.

11. Plaintiff alleges that the Judgment is entitled to *res judicata* or collateral estoppel effect in this adversary proceeding as to the non-dischargeable nature of Plaintiff's claims. Plaintiff intends to file a motion for summary judgment in this case.

12. Post-petition and as a result of Defendant selling vehicles for which he knew he did not have clear title, Plaintiff is informed that Defendant has been criminally charged by the Department of Motor Vehicles and is presently incarcerated pending trial.

<u>FIRST CLAIM FOR RELIEF</u>

(11 U.S.C. §523(a)(2))

13. Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 12, inclusive, as though set forth in full herein.

/ / /

313525v1 cm 1/18/08 1 (2443-0021)

14. Defendant, individually or through his companies, American Car Connection and AIM Financial, purchased or financed various vehicles from Plaintiff (collectively, the "Vehicles").

15. Pursuant to the terms of the agreements between the parties, Plaintiff retained a security interest in each Vehicle by retaining the Certificates of Title until paid.

16. Plaintiff is informed and believes and thereon alleges that Defendant executed and delivered checks which were returned due to non-sufficient funds.

17. Plaintiff is informed and believes and based thereon alleges that these checks were executed and delivered for the express purpose of inducing Plaintiff to deliver the endorsed Certificates of Title to the various Vehicles.

18. Plaintiff in fact did rely on these representations that payment was sufficient and that the checks would be honored.

19. Plaintiff is informed and believes and thereon alleges that at the time the checks were delivered, Defendant knew that there were insufficient funds on deposit in order to cover the checks.

20. These false representations that funds were available to pay for the Vehicles was material in Plaintiff's decision to turnover the endorsed Certificates of Title with regard to the Vehicles thereby releasing its security interest in the automobile.

21. Plaintiff reasonably and justifiably relied on these representations.

22. In fact, after delivering the endorsed Certificates of Title, Plaintiff discovered that checks were returned due to Non-Sufficient Funds.

23. As evidenced by the failure to return the Certificates of Title to Plaintiff, the Debtor had no present intention of paying such amounts at the times the checks were executed and delivered and the Debtor therefore knowingly, intentionally, willfully and fraudulently obtained the Certificates of Title to the Vehicles and converted their proceeds for his own use and benefit.

24. As a direct and proximate result of the Debtor's false representations and actual fraud, Plaintiff has suffered damages.

313525v1 cm 1/18/08 1 (2443-0021)

25. Prior to this bankruptcy, Plaintiff filed suit against Defendant and recovered the Judgment.

26. All amounts due pursuant to the Judgment must be excepted from any discharge to be received by the Debtor pursuant to 11 U.S.C. §523(a)(2).

SECOND CLAIM FOR RELIEF

(11 U.S.C. §523(a)(4))

27. Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 12, inclusive, as though set forth in full herein.

28. At all times relevant herein, Defendant owed a fiduciary duty to Plaintiff arising from the express terms of the written contracts between the parties.

29. Under the terms of the agreements and applicable state laws, the Debtor was legally obligated under an express trust to protect, secure, and otherwise preserve such vehicles and their proceeds for the benefit of Plaintiff.

30. While in possession of the Vehicles, Debtor, individually and through his companies permitted each such Vehicle to be sold to retail customers or otherwise disposed of, but, contrary to his legal obligations, willfully and intentionally failed to make payment to Plaintiff out of the proceeds of such sales or otherwise, and instead converted such funds to his own use. In so doing, Debtor knowingly, intentionally and fraudulently breached his fiduciary duty to Plaintiff and converted the funds and property of Plaintiff.

31. As a direct and proximate result of Defendant's fraud and defalcation as alleged herein, Plaintiff suffered damages which have been reduced to and are represented by the Judgment.

32. All amounts due pursuant to the Judgment must be excepted from any discharge to be received by the Debtor pursuant to 11 U.S.C. §523(a)(4).

THIRD CLAIM FOR RELIEF

(11 U.S.C. §523(a)(6))

33. Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 12, inclusive, as though set forth in full herein.

34. Defendant willfully and maliciously caused the damages to Plaintiff and its collateral as alleged herein.

35. Defendant knew that by converting Plaintiff's collateral and breaching his obligations to hold the colleteral and its proceeds in trust and to turnover proceeds to Plaintiff within 48 hours, Plaintiff would suffer damage. Defendant's actions thus were willful and malicious.

36. All amounts represented by the Judgment must be excepted from any discharge to be received by the Defendant pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, Plaintiff prays for judgment as follows:

ON THE FIRST THROUGH THIRD CLAIMS FOR RELIEF

1. For a determination that the Judgment and all amounts owed pursuant thereto less the credits due as a result of funds received or to be received from the receiver, which amounts are not yet known, be adjudicated to be excepted from any discharge obtained by Defendant in this case;

ON ALL CAUSES OF ACTION

2. For prejudgment interest;

3. For reasonable attorneys' fees and, in the event of a default, the minimum amount of $10,000;

4. For costs of suit incurred herein; and

5. For such and other further relief as the Court may deem just and proper.

DATED: January 18, 2008

RUS, MILIBAND & SMITH
A Professional Corporation

By: _D. Edward Hays_
D. EDWARD HAYS
Attorneys for Plaintiff,
MANHEIM AUTOMOTIVE
FINANCIAL SERVICES, INC.

313525v1 cm 1/18/08 1 (2443-0021)